UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
TENNESSEE AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Case No. 2:16-CV-35-RLJ-MCLC |
| | ) |
| ALAN C. LEE | ) |

# REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motions for Default Judgment [Docs. 9 and 15] and Orders of Reference entered by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), referring the matter to the undersigned for consideration and determination, including entry of a Report and Recommendation [Docs. 13 and 18].

## I. BACKGROUND

This action was brought by the United States against Defendant, Alan C. Lee, ("Lee"), a self-employed attorney in Tennessee, on February 23, 2016 [Doc. 1] seeking to collect unpaid federal income taxes and statutory additions assessed against Defendant and to obtain injunctive relief. Service was issued to the Defendant and a waiver of service was supplied to same on April 1, 2016, as set forth in the April 13, 2016, docket entry by the Clerk of the Court. Defendant executed the waiver of service on April 12, 2016, and the waiver was filed by the Clerk on April 13, 2016 [Doc. 3]. Defendant had until May 31, 2017 to file a response to the complaint. Defendant did not subsequently file any response.

On June 15, 2016, the United States filed an Application for default pursuant to Fed. R. Civ. P. 55(a), also providing a copy of the application to Defendant via electronic mail [Doc. 4]. The United States filed an affidavit supporting the Application on July 11, 2016 [Doc. 6]. On July 12, 2016, the Clerk of the Court entered a default as required by Fed. R. Civ. P. 55(a)

1

against Defendant for his failure to plead or otherwise defend in this action [Doc. 7] and mailed the document to Defendant as noted in the July 12, 2016, docket entry by the Clerk.

On February 27, 2017, the United States filed a Motion for Default Judgment [Doc. 9] pursuant to Fed. R. Civ. P. 55(b) seeking entry of a monetary judgment against Defendant for federal incomes taxes, interest and penalties in the amount of $458,087.25 as of March 13, 2017, plus interest pursuant to 28 U.S.C. §1961(c) and 26 U.S.C. § 6621(a)(2) after such date until the amount is paid in full. The United States also moved for a default judgment on the claim for injunctive relief [Docs. 9 and 11]. On April 4, 2017, the Clerk entered a default judgment against Defendant in the amount of $458,087.25 with interest [Doc. 12].

The District Judge referred the Motion for Default Judgment, for which injunctive relief was the sole remaining issue as a result of the aforementioned Default Judgment, to the undersigned [Doc. 13].

On May 3, 2017, the undersigned ordered [Doc. 14] the United States to certify that the Motion for Default Judgment [Doc. 9] had been served on the Defendant and, if such action was not taken, to refile its motion with a certificate of service certifying that the motion was sent to Defendant.[1] Thereafter, the United States filed a second Motion for Default Judgment [Doc. 15] with a memorandum and exhibits [Docs. 15 and 17] and certified it had been served upon Defendant. The District Judge referred the May 4, 2017, Motion for Default Judgment to the undersigned [Doc. 18].

---

[1] It did not appear the Defendant had been served with the motion.

As of the date of entry of this Report and Recommendation, Defendant has not entered an appearance in this action and failed to respond to the United States' motion for default.[2] As a result, this Court deems Defendant to have admitted the well-pleaded allegations in the United States' Complaint.

As the issue of damages has been resolved with the entry of the Default Judgment, damages will not be addressed further herein. The only remaining issue is the resolution of the United States' Motion for Default Judgment seeking entry of a permanent injunction. Based upon the April 4, 2017, Default Judgment and the deemed admissions of the allegations in the Complaint establishing Defendant's liability, the motion for injunctive relief and Memorandum in support of the Motion, the sworn Declaration of Revenue Officer Mark Schilling, the sworn Declaration of United States Department of Justice Trial Attorney Kyle L. Bishop, the undersigned makes the following proposed findings of fact and conclusions of law:

## II. FINDINGS OF FACT:

1. Defendant is a self-employed attorney who operates a law practice in Tennessee.

2. During the taxable periods at issue in this case, Defendant earned income generated from his law practice.

3. Defendant is required to file income tax returns (Form 1040) annually. 26 U.S.C. § 6072 and 26 C.F.R. § 1.6072-1. Defendant is also required to pay taxes on self-employment income. 26 U.S.C. §§ 1401–1403 and 26 C.F.R. § 1.401-1. Defendant is required to pay taxes due on his federal income tax returns no later than the date he is required to file the

---

[2] Although Plaintiff executed AO399, the Waiver of Service of Summons, such waiver of service does not constitute an appearance for purposes of Fed. R. Civ. P. 55. *HICA Educ. Loan Corp. v. Whetmore*, No. 1:12-CV-00072, 2014 WL 3866594, at *1 (E.D. Tenn. Aug. 4, 2014) citing *Rogers v. Hartford Life and Accident Ins. Co.,* 167 F.3d 933, 938 (5th Cir.1999). Rule 55(b) does not require any further notice when a defendant has failed to enter an appearance.

return. Such payment is required without assessments or notice and demand from the Internal Revenue Service ("the Service"). Defendant is required to make estimated tax payments of any Form 1040 income tax liabilities on a quarterly basis on the schedule prescribed by the Treasury Regulations. 26 U.S.C. § 6654 and 26 C.F.R. § 1.6654-1.

4. Based on the sworn Declaration of Revenue Officer Mark Schilling, who is responsible for collecting delinquent tax liabilities and performing duties associated with collection of delinquent tax liabilities, including examining the records on file with the Internal Revenue Service, Defendant is indebted to the United States for unpaid federal income taxes (including self-employment taxes) and statutory additions for the years 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013, as of March 13, 2017, in the total amount of $458,087.25, plus statutory additions accruing thereon according to law, and continuing until paid. A Default Judgment has previously been entered by this Court ordering, awarding and decreeing that Plaintiff, the United States of America, recover from the Defendant, Alan C. Lee, the amount of $458,087.25 as of March 13, 2017, for federal income taxes, penalties, and interest related to tax years 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013, as well as interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2) after that date until the amount is paid in full.

5. Defendant has not filed federal income tax returns (Forms 1040) for the years 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013.

6. Defendant has not made estimated income tax payments or any other payments for 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013 income tax liabilities.

7. Defendant has a multi-year history of noncompliance with the federal tax laws.

8. Defendant's failures to pay quarterly estimated income taxes and other payments for income tax liabilities and to file income tax returns are likely to continue unless an injunction

is issued.

9. The Internal Revenue Service has taken actions in an attempt to secure Defendant's compliance with the internal revenue laws. The Service has issued and sent numerous notices to Defendant, including notices of intent to levy and final demand for payment for the years 2005 through 2013.

10. The Service has pursued enforcement collections action by serving administrative levies to collect Defendant's tax liabilities.

11. These efforts and collections action by the Service have been inadequate to collect the income tax liabilities owed by Defendant and have not satisfied Defendant's income tax liabilities and ensured that he makes sufficient estimated tax payments, files his income tax returns, and satisfies his tax liabilities, existing and future. Accordingly, an injunction in this instance is warranted.

### III. CONCLUSIONS OF LAW

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a). Moreover, Defendant has failed to respond to the allegations of the complaint, the Application for the Clerk to enter default, and the February 27, 2017, Motion for Default Judgment upon which the Clerk entered a Default Judgment regarding damages, and the May 4, 2017, Motion for Default Judgment [Doc. 13]. "The defendant, by his default, admits the well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Central Trust Co. of New York*, 133 U.S. 83 (1889); *see also Rice v. Liberty Surplus Insur. Corp.,* 113 Fed. App'x. 116, 122 (6th Cir. 2004). Also, Fed. R. Civ. P.

8(b)(6) states that "[a]n allegation…is admitted if a responsive pleading is required and the allegation is not denied."

13. 26 U.S.C. § 7402(a) authorizes the District Court to issue injunctions as may be necessary or appropriate for enforcement of the internal revenue laws. The injunction remedy is in addition to, and not exclusive of, other remedies available to the United States.

14. Defendant has substantially interfered with and continues to substantially interfere with the internal revenue laws by continually failing to make quarterly estimated income tax payments during the taxable year, and file income tax returns (Form 1040) annually and pay his income tax liabilities as required by law.

15. Defendant's tax payment and filing history is inexcusable and after multiple years of non-compliance, it is unlikely that he will suddenly comply with the income tax laws.

16. The Service has expended significant resources in an attempt to bring Defendant into tax compliance. While there remains some potential for collection of past due amounts through continued enforcement action, it is unlikely that he will timely pay income taxes in the future. Absent an injunction, his non-compliance with his income tax payment obligations will almost assuredly continue, causing irreparable harm to the United States.

17. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional nonpayment of taxes by Defendant. The United States has suffered and will continue to suffer irreparable harm as a result of his violation of federal tax statutes, including but not limited to: (a) loss of tax revenue; (b) the drain on Internal Revenue Service resources on account of required oversight and unsuccessful collection efforts; (c) the lack of other avenues to fully collect his tax liabilities; and (d) the harm to the tax system as a whole when others see Defendant's continued non-compliance with the internal revenue laws.

18. The harm suffered by the United States as a result of the continued nonpayment of taxes outweighs the harm suffered by Defendant being required to timely pay his tax obligations.

19. An injunction would serve the public good. As the efficacy of the federal income tax system relies on payment in compliance with the internal revenue laws, the nonpayment undermines a vital cog in our system of tax collection.

20. In the absence of an injunction backed by the Court's contempt powers, Defendant is likely to continue to interfere with the enforcement of the internal revenue laws by nonpayment of federal income taxes to the detriment of the United States.

It is therefore recommended that the request for injunctive relief set forth in the Motion for Default Judgment, original and re-filed versions, [Docs. 9 and 15] be GRANTED. It is further recommended that the Court find that:

a. Defendant has engaged and is engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers are appropriate to stop that conduct;

b. That Defendant timely make all estimated tax payments for a period of five (5) years;

c. That Defendant timely file federal tax returns (Forms 1040) and pay the balances due upon them in accordance with any schedule prescribed by the Internal Revenue Code for a period of five (5) years;

d. That Defendant, for a period of five (5) years, submit written documentation to the Internal Revenue Service demonstrating that he has made timely estimated income tax payments within thirty (30) days from the date each such estimate payment is due under the

applicable internal revenue laws;

  e. That Defendant, for a period of five (5) years, submit an annual certification, under penalty of perjury, and supporting written documentation to the Internal Revenue Service showing that he has timely filed his federal income tax return (Form 1040) for the most recent tax year and timely paid the full amount due reported on such return within thirty (30) days of the due date of any return;

  f. That the Court retain jurisdiction to ensure compliance with this injunction; and

  g. That upon the entry of the permanent injunction order against Defendant, Alan C. Lee, the United States be permitted to provide notice of the entry of same by mailing a copy thereof to Alan C. Lee by certified or registered mail to the addresses for Defendant listed in the Summons [Doc. 2] and the Waiver of Service [Doc. 3].[3]

    Respectfully submitted,

    s/ Clifton L. Corker
    UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1),