UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-35 |
| | ) | |
| vs. | ) | |
| | ) | |
| ALAN C. LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The United States has filed a motion to Show Cause and Modify Injunction [Doc. 23] in which it requests that the Court find Defendant in contempt for his failure to comply with the Court's order entered on June 22, 2017 [Doc. 20] requiring Defendant to make estimated tax payments, timely pay federal income taxes, and provide written assurance to the IRS of compliance. [Docs. 19 & 20]. This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation and certification of facts. The undersigned **RECOMMENDS** that the District Court find Defendant to be in civil contempt and further recommends that certain action be taken as detailed below to ensure Defendant's future compliance with the orders of the Court.

### I. PROCEDURAL HISTORY

A Complaint for Federal Taxes to collect unpaid federal income taxes and statutory additions to tax assessed against Defendant and seeking an order requiring Defendant to make estimated payments of federal income taxes to the IRS and file all federal income tax returns on a timely bases was filed on February 23, 2016 [Doc. 1]. A Waiver of Service bearing Defendant's

signature was returned and filed on April 13, 2016 [Doc. 3]. Despite being a licensed attorney who frequently practices before this Court, Defendant did not file an Answer or any other responsive pleadings within the timeframe permitted by the Federal Rules of Civil Procedure. As a result, the United States filed an application for default on June 15, 2016. [Doc. 4]. The Clerk's Entry of Default was filed on July 12, 2016. [Doc. 7]. On February 27, 2017, the United States filed a Motion for Default Judgment [Doc. 9] and supporting memorandum [Doc. 11]. A Default Judgment was entered against Defendant on April 4, 2017 for the amount the United States claimed that Defendant owed in unpaid taxes. [Doc. 12]. Then-Magistrate Judge Clifton L. Corker ordered the United States to verify that the Motion for Default Judgment was properly sent to Defendant [Doc. 14]. The United States re-filed the motion for Default Judgment and included a certificate of service reflecting that a copy of the motion was mailed to Defendant at 481 N. Susong St. Newport, TN 37821. [Doc. 15, pg. 3].

District Judge R. Leon Jordan referred the Motion for Default Judgment to then-Magistrate Judge Clifton L. Corker [Docs. 13 & 18], who issued a Report and Recommendation [Doc. 19]. At the time the Report and Recommendation was issued, Defendant had not made an appearance in this case and was listed in CM/ECF as a pro se litigant with an address of P.O. Box 1357 Talbott, TN 37877.[1] The Clerk's office mailed a copy of the Report and Recommendation to Defendant on June 5, 2017. [See Docket Entry for Doc. 19]. District Judge R. Leon Jordan issued an Order adopting the Report and Recommendation in full on June 22, 2017. [Doc. 20].[2]

---

[1] This is the address provided on Defendant's waiver of service.
[2] While it is the general practice of the Clerk's Office to mail copies of orders to pro se litigants, the record does not reflect whether this order was mailed to Defendant; however, Defendant was mailed a copy of the report and recommendation verified by the notation in Docket entry 19 "C/M Alan Lee," which denotes that the Clerk's Office mailed a copy to Defendant at the address he provided in his Waiver of Service. Still, Defendant did not file any response in the 14-day allotted time period to object.

On August 21, 2019, the United States filed a Motion for Entry of an Installment Payment Order [Doc. 22] and a Motion for an Order to Show Cause [Doc. 23]. Both motions included a certificate of service indicating that a copy of the motion was mailed to Defendant at 481 N. Susong St. Newport, TN 37821 [Doc. 22, p. 3 & Doc. 23, p. 8]. On December 12, 2019, this case was reassigned to the undersigned [Doc. 26], and on December 20, 2019, the undersigned issued a Report and Recommendation on the United States' motion requesting an installment payment order [Doc. 27]. That Report and Recommendation was mailed to Defendant at P.O. Box 1357 Talbott, TN 37877. The Motion for Show Cause was set for a hearing before the undersigned on January 29, 2020 [Doc. 28]. On January 7, 2020, the District Judge accepted the Report and Recommendation on the motion requesting an installment payment order in full [Doc. 29].

On January 28, 2020, one day before the hearing on the motion to show cause, Defendant filed a Motion to Amend the Order on the Report and Recommendation [Doc. 30], the first pleading filed by Defendant in this matter. A hearing on the show cause motion [Doc. 23] was held before the undersigned on January 29, 2020 and a transcript of the hearing was filed on January 31, 2020 [Doc. 34]. At the hearing, the Court advised Defendant of the dangers of representing himself and offered to postpone the hearing to allow additional time to retain counsel; however, Defendant chose to proceed with the hearing *pro se*. [Doc. 34, pg. 10][3]. After the hearing, both parties were given the opportunity to file any additional authority and written final arguments they wished the Court to consider. [Doc. 34, p. 46]. The United States filed a Memorandum in Support re Show Cause Hearing [Doc. 35] and Defendant filed a Memorandum in Support re Show Cause

---

[3] The Court did advise Defendant that if the hearing was rescheduled to provide additional time to obtain counsel, he would likely be taxed with the cost of opposing counsel's appearance given that the mater had been on the Court's calendar for an extended period of time, which had afforded Defendant sufficient time to retain counsel prior to the scheduled date.

Hearing [Doc. 37]. The United States then filed a Motion to Strike Defendant's Memorandum in Support re Show Cause [Doc. 38].

## II. FINDINGS OF FACT

1. Defendant is a self-employed attorney who operates a law practice in Tennessee, and has practiced regularly before this Court.

2. The injunction order entered against Defendant [Docs. 19 and 20] pursuant to 26 U.S.C. § 7402(a) required him to:

    a) timely make all estimated tax payments for a period of five (5) years;

    b) timely file federal tax returns (Form 1040) and pay the balances due upon them in accordance with any schedule prescribed by the Internal Revenue Code for a period of five (5) years;

    c) submit written documentation to the IRS demonstrating that he has made timely estimated income tax payments within thirty (30) days from the date each such estimated payment was due under applicable law for five (5) years; and

    d) for a period of five (5) years, submit to the IRS an annual certification, under penalty of perjury, along with supporting written documentation demonstrating that he has timely filed his federal income tax return (Form 1040) for the most recent tax year and timely paid the full amount due as reported on such return within thirty (30) days of the due date of any return.

3. All relief granted to Plaintiff in the injunction order was clearly set forth in Plaintiff's Complaint, of which Defendant acknowledged receipt by signing a Waiver of Service. [Doc. 3].

4. Defendant was mailed a copy of the Report and Recommendation [Doc. 19] by the Clerk's office on June 5, 2017 to his post office box address, which he still utilizes. [Doc. 37, p. 2]. The Court finds the Report and Recommendation was properly served upon Defendant and there is no reason to believe he did not receive it.

5. A copy of the Order adopting the Report and Recommendation [Doc. 20] was likely mailed to Defendant by the Clerk's Office given that this is standard procedure, but because there is no docket notation that the Order was mailed to Defendant the Court will not presume a copy was mailed to Defendant; however, this finding is not dispositive because, as detailed in the following paragraph, Defendant was personally served with a copy of the Order.

6. Defendant argues that he never received notice of the motions for default judgment [Docs. 9 & 15], nor was he sent a copy of the injunction by the Court via certified or registered mail; therefore, he was unaware of the injunction entered against him [Docs. 19 & 20] by then-Magistrate Judge Clifton L. Corker and could not comply with the Court's directives. At the hearing in this cause, the United States called as a witness Mark Schilling, who has been a revenue officer with the Internal Revenue Service for ten years. Agent Schilling testified that he was assigned to Defendant's case and located Defendant's law office while seeking to enforce Defendant's tax obligations. [Doc. 34, p. 14-15]. Agent Schilling further testified that he served Defendant with a copy of the injunction order entered against him in January 2018 by leaving a copy of it in a confidential envelope with Defendant's secretary at his law office, who confirmed that Defendant's office was still upstairs. [Doc. 34, p. 18]. Thereafter, Defendant contacted Agent Schilling and brought Agent Schilling his 2016 tax return and discussed the injunction with him. Defendant brought his copy of the injunction order with him when he brought Agent Schilling his tax return and told Agent Schilling that the order had not been properly served on him. *Id.* The Court finds Agent Schilling's testimony credible and finds that Defendant was personally served with a copy of the order at issue no later than January 2018. The Court further finds that Defendant was dishonest with the Court in his filings and his testimony when he took the position that he was unaware of the injunction. [Doc. 34, pp. 29, 36; Doc. 37-1, p. 1; Doc. 37, p. 6].

7. Additional proof also reflects that Defendant was aware of the injunction order entered by the Court in that Defendant certified in his bankruptcy proceeding that the instant action had been concluded. [Doc. 34, pp. 36-38 and Trial Exhibit 1]. Had Defendant been unaware of the order, he would have had no way of knowing the matter was concluded. In fact, Defendant contradicts his assertions elsewhere in his filings and even admits that he knew a default judgment had been entered against him but purportedly could not remember what it said. *Id.* at 36.

8. As made clear by the testimony of Agent Schilling, Defendant has failed to comply with the Court's order outlined above. [Doc. 34, p. 19-20]. Defendant has made no estimated quarterly tax payments whatsoever, has failed to pay the tax debt he owes for 2017 in the amount of $20,489.00, has not filed a 2018 tax return, and has filed no sworn statements of compliance. *Id.*; [Doc. 23, p. 2].

9. While Defendant contends that his tax obligations for the years 2005 through 2013 were discharged through a bankruptcy proceeding he filed on April 8, 2018 [Doc. 37, p. 4], nowhere in the bankruptcy documents Defendant provided nor his other filings with this Court is there any support for Defendant's contention that any discharge in bankruptcy relieved him of the other provisions of the injunction order entered by this Court regarding his future tax filings.

10. Defendant admits that he made no effort to gather the documents necessary to file his 2018 tax return until he received the last Report and Recommendation from the Court. [Doc. 34, p. 40-41]. The Court finds this particularly troubling given Defendant's long history of failing to file his tax returns timely and consistent failure to pay taxes owed.

### III. ANALYSIS

In order to hold Defendant in civil contempt based upon the facts outlined above, the Court must first find that Plaintiff established by clear and convincing evidence that Defendant violated the Court's prior orders [Docs. 19 & 20]. *Harrison v. Metro Gov't of Nashville and Davidson Cty., Tenn.*, 80 F.3d 1107, 112 (6th Cir. 1996) (overruled on other grounds); *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991). Plaintiff must also establish by clear and convincing evidence that Defendant had knowledge of the order and the order was specific and definite. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Proof of these three elements establishes a prima facie case, and the burden shifts to Defendant to defend the contempt allegation by bringing forth evidence demonstrating "that he is *presently* unable to comply with the court's order." *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

Defendant must "show categorically and in detail why he…is unable to comply with the court's order." *Id.* quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). Civil contempt sanctions are designed to "enforce compliance with court orders and to compensate injured parties for losses sustained." *Clapper v. Clark Dev., Inc.*, 747 Fed. App'x 317, 322 (6th Cir. 2018) (quoting *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994)). Contempt is a serious power and should be exercised with caution, using "the least possible power adequate to the end proposed." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799 (6th Cir. 2017).

Defendant's obligations in the orders at issue were very clearly set forth and easily understood. For a period of five years from the date of the final order entered, Defendant was obligated to timely make all estimated tax payments; timely file federal tax returns (Form 1040) and pay the balances due on them in accordance with any schedule prescribed by the IRS; submit written documentation to the IRS demonstrating that he had made timely estimated income tax

payments within thirty days from the date each such estimated payment was due; and to submit an annual certification to the IRS, under penalty of perjury, along with supporting written documentation demonstrating that he has timely filed his federal income tax return (Form 1040) for the most recent tax year and timely paid the full amount due as reported on such return within thirty days of the due date. [Docs. 19 and 20]. In fact, pursuant to 26 U.S.C. § 6001 *et seq.*, Defendant was obligated to perform each of these tasks even without the injunction order entered by the Court, except the ones requiring Defendant to submit written compliance documentation to the IRS. Thus, the Court finds by clear and convincing evidence that the orders in question were definite and specific.

Plaintiff was also able to demonstrate by clear and convincing evidence that Defendant failed to meet his obligations under the orders at issue, and in fact Defendant admits that he has failed to perform the acts required by the orders as he has made no quarterly tax filings, has failed to pay his 2017 taxes owing, has not filed a 2018 tax return and has provided no assurances of compliance to the Internal Revenue Service as required. [Doc. 23, p. 2 & Doc. 34, p. 19-20].

Defendant's primary defense to Plaintiff's request that he be held in contempt is that he did not receive proper notice of the motions for a default injunction order [Docs. 9 &15], nor was he sent a copy of the injunction order by the Court via certified or registered mail; therefore, he was unaware of the injunction order entered against him [Docs. 19 and 20]. He further contends that these purported deficiencies prohibited him from complying with the Court's directives.

The Court first observes that whether Defendant was properly served with the orders at issue is not the proper inquiry when determining whether Defendant is in contempt of the orders of the Court. Instead, as the United States aptly notes, it is whether Defendant had actual knowledge of the orders entered against him. *See Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.

1998) ("A litigant may be held in contempt if his adversary shows by clear and convincing evidence that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."); *see also* Fed. R. Civ. P. 65(d)(2). The testimony of Agent Schilling and Defendant's own admissions make it clear that Defendant was fully aware of the orders at issue, even if service of certain pleadings in this cause was not properly made. [Doc. 34, pp. 18, 36-38; Trial Exhibit 1]. Defendant's actual knowledge of the orders at issue is further confirmed by him listing the instant action as "closed" on documents filed in his bankruptcy proceeding which commenced in August 2018. [Doc. 34, p. 36]. It is also worth noting that Defendant attempts to argue that he thought that the discharge he received as a result of this bankruptcy filing relieved him of his obligations under the orders at issue, while at the same time taking the position that he was not aware of the content of the orders.

While Plaintiff was not required to demonstrate proper service for Defendant to be held in contempt, the Court does find that Defendant was properly served with the orders at issue. As set forth above, Defendant waived service of the Complaint [Doc. 3]. Under Rule 4 of the Federal Rules of Civil Procedure, "when the plaintiff files a waiver, proof of service is not required, and these rules apply as if a summons and complaint had been served at the time of filing the waiver. Fed. R. Civ. Pro. 4(d)(4). Defendant does not deny receiving the Complaint in this matter. [Doc. 34, p. 32-33], but claims that he does not remember whether he fully read it. *Id.* at 33. Defendant further states that he assumed that Plaintiff was only asking for a judgment for the taxes he owed and knew nothing of Plaintiff's request for injunctive relief. *Id.* The Court does not find this argument credible given that the United States' request for injunctive relief is found on almost every page of the 6-page Complaint [Doc. 1, pg. 1, 3-4, and 5-6]. If Defendant did not in fact review the Complaint he received, his failure to exercise even a modicum of due diligence by

failing to do so, coupled with his failure to Answer or make any other response to the action, does not translate into a colorable argument that he was not properly notified of the action against him. Further, Defendant chose not to enter an appearance or make any response in this matter, knowing that he would not receive notices of any electronic filings in this case until such time as he made an appearance. Defendant's conduct is particularly troubling given that he is a seasoned attorney who routinely practices in federal court, and of all people, should understand the responsibilities he had as a defendant in this action.

It is also important to note that Plaintiff was granted no relief beyond what was sought in the Complaint properly served upon Defendant. *See* Fed. R. Civ. Pro. 5(a)(2). Rule 5(b) sets out how to serve a Defendant with pleadings in an action, which includes the option of leaving the document "at the person's office with a clerk or other person in charge." Fed. R. Civ. Pro. 5(b)(2)(B)(i). At the hearing on the Show Cause Order, Agent Schilling testified that he left the default injunction order at issue in a confidential envelope with a secretary at Defendant's office who stated that Defendant's office was upstairs. [Doc. 34, p. 18]. This method clearly complied with the service requirements set forth under Rule 5. The record in this cause also reflects the Clerk's Office mailed the following documents to Defendant at the post office box he still uses: 1) a copy of the Default Judgment [Doc. 12] on April 4, 2017; 2) a copy of the Report and Recommendation [Doc. 19] on June 5, 2017; and 3) a copy of the Report and Recommendation [Doc. 27] on December 20, 2019. Based upon the mailing and hand delivery of the documents noted, the Court finds that Defendant was properly served with the orders at issue in addition to

actual notice of them.[4] Thus, Plaintiff has established by clear and convincing evidence that Defendant had knowledge of the prior orders issued against him.

Given that the Court's orders were specific and definite, that Defendant was properly served with and had actual notice of the orders, and that Defendant has clearly failed to comply with those orders, the question becomes whether Defendant has demonstrated a present inability to comply. In this instance, Defendant has made it clear that he is in fact *presently able* to comply with the Court's order. At the hearing on the Show Cause Order and also in his post-hearing supplemental brief Defendant states that he "is now in a financial position to begin paying on the additional tax debt he still owes for tax years 2014-2019 and to begin making quarterly payments starting with tax year 2020, and is willing to comply with any orders entered by the Court requiring that he do so." [Doc. 37, p. 6]; yet, since 2017, Defendant has utterly failed to meet any of his legal obligations under the injunction.

When the Court issued its original Report and Recommendation in this matter, the Court found that Defendant had failed to file federal income tax returns for the years 2005-2013. [Doc. 19, p. 4]. While Defendant filed tax returns for 2016 and 2017 (albeit a late return for 2017), he has failed to file a return for 2018, even after requesting and being granted an extension of time to file. [Doc. 34, pp. 39-41]. As referenced above, Defendant testified that he had not even begun to gather the necessary information to file a 2018 tax return until receiving this Court's most recent Report and Recommendation. [Doc. 34, p. 40].

---

[4] The Court finds Defendant's carefully worded argument that because he believes he was not properly served with the pleadings at issue or sent the Report and Recommendation by certified or registered mail, he did not know anything about the injunction to be unpersuasive and lacking credibility. To find this argument credible, the Court would have to believe that Defendant received all filings mailed to him recently by the Clerk's Office in this matter but not the Report and Recommendation entered in 2017 [Doc. 19], which was mailed to the same address, and that he also did not receive the injunction order that was hand-delivered to his office by Agent Schilling.

For almost fifteen years, Defendant has illustrated an almost total disregard for the Internal Revenue Code and his obligations under it. Further, Defendant has shown a flagrant disregard for his obligations to this Court from the outset of the case. As discussed above, Defendant claims he cannot remember if he even read the Complaint filed against him, failed to appear or respond in any manner in the action until long after a final order had been entered against him, and did not meet even one condition of the order entered against him. *See* [Doc. 34].

## IV. MOTION TO STRIKE [Doc. 38]

The United States filed a Motion to Strike new arguments and evidence filed in Defendant's Memorandum in Support re Show Cause Hearing [Doc. 38]. At the conclusion of the hearing on the Show Cause Order, the Court invited both parties to "submit any additional authority…and any concluding argument" [Doc. 34, p. 46] they wished to present. While certain sections in Defendant's memorandum [Doc. 37] contain evidence regarding his Motion to Amend, the primary focus of his arguments relate to issues the Court must consider in ruling on the Show Cause Order. For these reasons, the Motion to Strike [Doc. 38] is **DENIED**.[5]

## V. CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[6] that the United States' motion to modify injunction [Doc. 23] be **GRANTED** and that Defendant be found in civil contempt of Court. In light of Defendant's lack of candor with the Court, his refusal to participate in this litigation until

---

[5] The Court has not considered any evidence relating solely to the Motion to Amend in issuing this Report and Recommendation.

[6] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

a Show Cause Order had issued, his utter failure to meet his obligations under the orders of the Court, and his status as an attorney and officer of the Court who routinely practices before this very Court, the undersigned **FURTHER RECOMMENDS** that the District Court enter an order 1) referring Defendant to the Chief District Judge pursuant to LR 83.7 for the initiation of any disciplinary proceedings she deems proper; 2) extending for an additional five (5) years the requirement that Defendant file quarterly taxes so long as he is self-employed, requiring him to file all federal income tax returns when due and to timely pay any tax owing; and 3) requiring Defendant for a period of five (5) years to file into the record of this Court quarterly declarations under penalty of perjury, with supporting documentation, providing assurance that he has fully complied with his obligations under the Court's orders. The Court also acknowledges the United States' request of this Court to recommend Defendant be admonished that further failure to comply with the Court's orders could lead to the loss of his right to work in a position where taxes are not withheld by an agent from his wages and submitted directly to the United States; however, this Court finds it is more appropriate to recommend, and does **RECOMMEND**, that the District Court admonish Defendant that his continued failure to meet his obligations to the Court and under the United States Internal Revenue Code could result in the loss of his right to practice law. [7]

                                    Respectfully Submitted,

                                    /s Cynthia Richardson Wyrick
                                    United States Magistrate Judge

---

[7] The Court notes that Defendant's untimely Motion to Amend [Doc.30] is still pending before the District Court; however, even if the District Court grants Defendant some relief from the Order previously entered requiring him to make payments of $2,000.00 per month toward his tax debt [Doc. 29], the granting of that relief would not alter this Court's Report and Recommendation set forth herein. At the same time, it could be appropriate to consider whether Defendant has now filed all tax returns which are due and paid all taxes owing in conjunction with determining what disciplinary sanctions might be imposed upon Defendant.