UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:16-CV-35 |
| ALAN C. LEE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's objections [doc. 42] to United States Magistrate Judge Cynthia R. Wyrick's April Report and Recommendation ("R&R") [doc. 41]. The United States has responded [doc. 43], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, Defendant's objections [doc. 42] are **OVERRULED**, and Judge Wyrick's April R&R [doc. 41] is **ACCEPTED** and **ADOPTED IN WHOLE**.

### I. Background

On February 23, 2016, the United States filed the instant action against Alan C. Lee, a self-employed attorney in Tennessee, seeking both unpaid federal income taxes and injunctive relief. [Doc. 1]. Service was issued to the Defendant, and Defendant executed a waiver of service on April 12, 2016. [Doc. 3]. Defendant thus had until May 31, 2016 to file a response to the complaint. However, Defendant did not file any response.

On June 15, 2016, the United States filed an application for default, pursuant to Federal Rule of Civil Procedure 55(a), and provided a copy of the application to Defendant

via electronic mail. [Doc. 4]. On July 11, 2016, the United States filed an affidavit supporting the application. [Doc. 6]. On July 12, 2016, the Clerk of Court entered a default under Rule 55(a) against Defendant for his failure to plead or otherwise defend in this action. [Doc. 7].

Thereafter, on February 27, 2017, the United States filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b), seeking entry of a monetary judgment against Defendant for federal income taxes, interest and penalties in the amount of $458,087.25, plus interest. [Doc. 9]. The United States further moved for a default judgment on the claim for injunctive relief. [Docs. 9, 11]. On April 4, 2017, the Clerk entered a default judgment against Defendant in the amount of $458,087.25 plus interest. [Doc. 12].

Thereafter, on May 3, 2017, then-Magistrate Judge Clifton L. Corker entered an order noting that the United States's motion for default judgment seeking injunctive relief did not certify that the United States had sent a copy of the motion to Defendant. [Doc. 14]. Accordingly, Judge Corker ordered the United States to certify that it had sent the motion for default judgment to Defendant, and amend the filing to reflect this fact. [*Id*.]. On May 4, 2017, the United States filed an amended motion for default judgment with a certification that it had mailed a copy of the motion to Defendant at 481 N. Susong Street, Newport, Tennessee. [Doc. 15].

On June 5, 2017, Judge Corker entered an R&R, concluding that, in light of the default judgment entered for the monetary amount, the only remaining issue was the United States's request for an injunction. [Doc. 19]. Judge Corker concluded that, in light of

2

Defendant's history of noncompliance, and the Internal Revenue Service's ("IRS") efforts at collection, an injunction was warranted. Thus, Judge Corker recommended that the Court grant a permanent injunction and order Defendant, for a period of five years: (1) timely make all estimated tax payments; (2) timely file yearly tax returns and pay all balances due within the scheduled prescribed by the IRS; (3) submit written documentation to the IRS demonstrating that he has made timely estimated income tax payments within 30 days from the date that such payments were due; and (4) submit an annual certification with supporting documentation to the IRS showing that Defendant had timely filed his yearly federal tax return and paid all amounts due. [*Id*.]. Defendant did not file any objections to the R&R, and, on June 22, 2017, this Court adopted the R&R in whole. [Doc. 20].

On August 21, 2019, the United States filed a motion for an installment payment order requiring Defendant to pay $2,000 per month, in addition to a 10% surcharge. [Doc. 22]. On the same day, the United States filed a motion to show cause and modify the injunction. [Doc. 23]. The United States asserted that Defendant had failed to comply with any of the obligations in the court's injunction order. The United States therefore asked the Court to hold Defendant in contempt, command him to comply with the injunction, and amend the injunction to: (1) require Defendant to make quarterly written confirmations with the Court that he is complying with the injunction; and (2) extend the injunction five years from the date that the Court ruled on the motion. The United States further asked the Court to warn Defendant that his failure to comply with the injunction would result in harsher sanctions including a potential bar from operating a business or

3

Case 2:16-cv-00035-RLJ-CRW   Document 44   Filed 07/02/20   Page 3 of 16   PageID #: 540

otherwise earning income not subject to federal tax withholding. The United States certified that a copy of this motion was mailed to Defendant at 481 N. Susong Street, Newport, Tennessee. [*Id*.].

Defendant did not respond to either of the United States's August 2019 motions. In December, this matter was reassigned to United States Magistrate Judge Cynthia R. Wyrick. [Doc. 26]. On December 20, 2019, Judge Wyrick issued an R&R, recommending that the Court grant the United States's motion for an installment order. [Doc. 27]. The docket entry for this order indicates that a copy of this order was mailed to Defendant on December 20, 2019, but does not indicate what address it was mailed to. Thereafter, on December 23, 2019, Judge Wyrick entered an order setting a hearing on the United States's show cause motion for January 29, 2020. [Doc. 28]. The docket reflects that this was mailed to Defendant on December 23, 2019, at P.O. Box 1357, Talbott, Tennessee.

On January 7, 2020, this Court adopted Judge Wyrick's December R&R, and granted Plaintiff's motion for an installment order. [Doc. 29]. The Court noted that Defendant had not filed any objections to the R&R. The Court thus ordered Defendant to make payments of $2,000 per month to the Department of Justice ("DOJ") in payment towards the judgment in this matter. [*Id*.]. The docket reflects that this order was mailed to Defendant on January 7, 2020, at P.O. Box 1357, Talbott, Tennessee.

On January 28, 2020, the day before Judge Wyrick's scheduled show cause hearing, Defendant made his first appearance in this matter by filing a motion to amend the Court's January 7, 2020, installment payment order, pursuant to Federal Rule of Civil Procedure 59(e). [Doc. 30]. This Rule 59(e) motion remains pending before the Court.

4

Judge Wyrick conducted a hearing on the motion to show cause on January 29, 2020. [Doc. 34]. At the hearing, Mark Schilling, a revenue officer with the IRS, who was in charge of collecting delinquent taxes in Defendant's case, testified that, in the course of his work, he learned that Defendant was a self-employed attorney, and was able to make contact at Defendant's office in Morristown. [*Id.* at 13-15]. Mr. Schilling stated that Defendant was not voluntarily filing any returns, but rather, filed late tax returns only after Mr. Schilling made contact. [*Id.* at 16]. Defendant was also not making his quarterly tax payments as required by the Internal Revenue Code ("IRC"). [*Id.*]. Ultimately, to collect, and force Defendant to comply with his obligations, Mr. Schilling referred the case to the DOJ for an injunction. [*Id.* at 18]. After the injunction was entered in June 2017, Mr. Schilling attempted, in January 2018, to hand deliver a copy of the injunction to a residential address, but discovered that Defendant did not live at that address.[1] Mr. Schilling testified that he then "took the actual copy of the injunction to [Defendant's] office address, which I left it in a confidential envelope with [Defendant's] secretary, . . . who stated that [Defendant] . . . still had an office upstairs." [*Id.*]. Mr. Schilling also left paperwork requesting that Defendant submit three years of tax returns that were late, and Defendant made contact thereafter by bringing the 2016 tax return to the IRS office. [*Id.* at 18-19]. Mr. Schilling testified that, when Defendant was in the IRS office, he discussed the injunction with Defendant and Defendant stated that it was not served correctly. [*Id.*

---

[1] Mr. Schilling testified on cross-examination that he believed this residential address was on "Sunsong" Street. [Doc. 34 at 21]. Accordingly, it appears that the 481 N. Susong Street address, which the United States was using to send Defendant copies of motions, was not Defendant's correct address.

5

at 19]. Mr. Schilling believed that Defendant had a copy of the injunction with him at that time, and, through their discussion, Mr. Schilling's impression was that Defendant was aware of the injunction. [*Id*.]. Mr. Schilling testified that, nonetheless, Defendant did not make any quarterly tax payments, or any payments whatsoever, for his tax liabilities for the years of 2017, 2018, or 2019. [*Id*. at 19-20]. Additionally, since June of 2017, Defendant had not filed a single sworn statement with the IRS stating that he was complying with his federal tax obligations. [*Id*. at 20].

    Defendant then testified that he never received a copy of the injunction order. [*Id*. at 24]. When asked if his secretary did not bring him the copy that was hand delivered, Defendant responded that he does not have a secretary, "but I'm talking about when it actually was filed, the motion was filed and the injunction was entered by the Court, I did not get service, so I didn't  - - I had no ideal [sic]." Defendant continued on to state that when he filed for bankruptcy in early 2018, and the discharge was granted in August 2018, he believed that his liability on this matter was extinguished. [*Id*.]. Defendant stated that he did not receive any notices through the Court's electronic filing system ("ECF"), and, therefore, only had what he received in the mail. [*Id*. at 24-25]. He stated that after he received Judge Wyrick's December R&R, he noticed that a notation on the docket indicated that it had been sent to him "at my address that I've always used with the Court, so that made me realize that there were other things that I never received." [*Id*. at 25]. Accordingly, Defendant stated that it was not until he received Judge Wyrick's December R&R that he went onto the ECF system and saw all the other filings in this case, including the injunction order. [*Id*.]. Defendant admitted that he had not been filing his quarterly

6

tax returns, stating that his understanding was that "the injunction, if there was one, which I didn't know about," would have been related to the judgment, which he believed was discharged. [*Id*. at 28-29]. Defendant testified that his bankruptcy was granted on August 1, 2018, but admitted that, since that date, he had not filed any quarterly tax payments or tax returns. [*Id*. at 29]. Defendant testified that he could not prepare his 2018 tax return because he was still waiting on one bank statement. [*Id*. at 30]. Defendant later admitted, upon questioning by the Court, that the first time he attempted to retrieve the necessary documents from the bank was the Monday before the show cause hearing. [*Id*. at 40-41]. Finally, Defendant stated that he believed that he had scanned his recent tax records to his computer, but his computer crashed in early December 2019, and he had been looking for the records since receiving the December R&R, only discovering them in a storage unit the week of the show cause hearing. [*Id*. at 30-31].

On cross-examination, Defendant admitted that, after this case was filed, he executed a waiver of service of the summons. [*Id*. at 31]. He further admitted that, along with the waiver of service, he received a copy of the initiating complaint, but testified that he did not notice that the United States sought an injunction in that complaint. [*Id*. at 32]. He stated that he was sure that he read the complaint at the time he received it, but only remembered that the United States was asking for a judgment for taxes. [*Id*. at 33]. Defendant admitted that, on his bankruptcy petition, he checked "yes" that a legal action had been brought against him within the past year, and listed the instant case. [*Id*. at 33-35]. Defendant also admitted that he checked that the status of the case was "concluded," and stated that he believed that the default judgment concluded the case. [*Id*. at 35-36]. When

7

asked if he saw the default judgment before filing the bankruptcy petition, Defendant responded "I'm assuming I probably went online to check, but that's all." [*Id*. at 36]. Defendant then conceded that he was "fully aware" that a judgment had been entered in this case. [*Id*.]. Defendant further admitted that he merely assumed that this Court's orders were no longer in effect after the bankruptcy discharge without conducting any legal research on the matter. [*Id*. at 39-40]. Defendant admitted that, since June 2017, he had not made a single estimated quarterly tax payment to the IRS, and had not filed a single written statement with the IRS confirming that he was complying with his federal tax obligations. [*Id*. at 41-42].

After the hearing, both the United States and Defendant filed briefs containing their concluding arguments. [Docs. 35, 37]. In his argument, Defendant reiterated that he received the default judgment on the monetary amount at his mailing address, but did not receive any subsequent filings in this matter until Judge Wyrick's December R&R. [Doc. 37 at 2-4]. Defendant also stated that he did not receive copies of Judge Wyrick's December R&R and the order setting the show cause hearing until January 3, 2020, because he did not check his mail over the holidays, and the post office is located 45 minutes from his home. [*Id*. at 4]. Defendant also argued that the debts related to this action were discharged by the bankruptcy court, and he has no further personal liability for the 2009 and 2010 taxes that the United States is attempting to collect. [*Id*. at 5]. Nevertheless, Defendant concludes that "he is now in a financial position to begin paying on the additional tax debt he still owes for tax years 2014-2019 and to begin making quarterly payments starting with tax year 2020[.]" [*Id*. at 6].

8

On April 27, 2020, Judge Wyrick issued an R&R making several findings of fact and concluding, based on those findings, that the United States had met its burden of establishing by clear and convincing evidence that Defendant violated the Court's prior injunction order. [Doc. 41]. Accordingly, Judge Wyrick recommended that this Court find Defendant in civil contempt. [*Id*. at 12]. Moreover, Judge Wyrick stated that "[i]n light of Defendant's lack of candor with the Court, his refusal to participate in this litigation until a Show Cause Order had issued, his utter failure to meet his obligations under the orders of the Court, and his status as an attorney and officer of the Court who routinely practices before this very Court," she recommended that the Court: (1) refer Defendant to the Chief District Judge pursuant to Local Rule 83.7 for the initiation of any disciplinary proceedings she deems proper; (2) extend for an additional five years the requirement that Defendant file quarterly taxes so long as he is self-employed, requiring him to file all federal income tax returns when due and to timely pay any tax owing; and (3) require Defendant for a period of five years to file into the record of this Court quarterly declarations under penalty of perjury, with supporting documentation, providing assurance that he has fully complied with his obligations under the Court's orders. [*Id*. at 12-13]. Finally, Judge Wyrick recommended that this Court admonish Defendant that his continued failure to meet his obligations to the Court and under the IRC could result in the loss of his right to practice law. [*Id*. at 13].

Defendant filed objections to Judge Wyrick's April R&R, specifically to her alleged recommendations that (1) the injunction to be modified to require Defendant to pay $2,000 per month toward the default judgment; and (2) he be found in civil contempt. [Doc. 42 at

9

2]. With regard to the modification, Defendant argues that the debt included in the default judgment was discharged by the bankruptcy court, and therefore, the amount he owes is significantly less. [*Id.*]. With regard to contempt, Defendant argues that he was simply not aware of the injunction, and then wrongfully determined that his bankruptcy case would resolve the matter. [*Id.* at 4]. Defendant also objects to being found in civil contempt on the ground that such may subject him to discipline by the Tennessee Board of Professional Responsibility, which may impair his ability to pay on this judgment. [*Id.*]. Defendant states that he does not object to Judge Wyrick's further recommendation extending his obligations under the injunction for five additional years, and requiring him to file documentation with the Court, but objects to the recommendation that he be referred to the Chief District Judge under Local Rule 83.7, again, on the grounds that such may subject him to professional discipline. [*Id.* at 5].

The United States responds that Defendant's objection to the $2,000 monthly payments can be quickly disposed of, because the April R&R contains no such recommendation, but rather, that requirement comes from the Court's earlier order issued after the United States filed a motion for entry of an installment payment order. [Doc. 43 at 5]. As to Defendant's objections to being found in civil contempt, the United States argues that nothing in his objection serves to show that his conduct did not warrant a finding of civil contempt at the time of the hearing. [*Id.* at 6]. The United States argues that Defendant's claims that he did not "knowingly" violate the injunction are meritless, and his claim that he would be subject to discipline by the Tennessee Board of Professional Responsibility is not a defense to a finding of civil contempt. [*Id.* at 6-8].

10

## II.     Analysis

The Court begins by noting that, although Defendant attempts to collapse his arguments in his objections to the April R&R with his arguments in support of his Rule 59(e) motion, these matters are entirely separate, and the Court will proceed accordingly. This order will address only those arguments relevant to Judge Wyrick's April R&R on the United States' motion for order to show cause and modify injunction.  Notably, Defendant's two lines of objection to Judge Wyrick's April R&R relate to (1) the "recommendation" that he be ordered to pay $2,000 a month on his tax debt; and (2) the recommendation that he be held in civil contempt.  As the United States correctly points out, Judge Wyrick's April R&R contains no recommendation relating to installment payments, and that matter is appropriate addressed only in the context of Defendant's Rule 59(e) motion.  Accordingly, the Court will address Defendant's only objection to matters actually contained in Judge Wyrick's April R&R, namely, her recommendation that he be held in civil contempt.

Because Defendant has objected to Judge Wyrick's April R&R, this Court conducts a *de novo* review of whether Defendant should be held in civil contempt.  *See* 28 U.S.C. § 636(b)(1); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "[T]he purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant."  *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991).  "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner."  *Elec. Workers Pension Trust Fund of Local Union*

*58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (internal quotation marks omitted).

The party seeking civil contempt must establish by clear and convincing evidence that the alleged contemnor has violated the Court's prior orders. *Harrison v. Metro. Gov't of Nashville and Davidson Cnty.,* 80 F.3d 1107, 1112 (6th Cir. 1996) (overruled on other grounds). Moreover, the party seeking civil contempt must establish by clear and convincing evidence that the alleged contemnor had knowledge of the order and the order was specific and definite. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Once the party seeking civil contempt has made these three showings, it has established a *prima facie* case, and the burden shifts to the alleged contemnor to defend the contempt allegation by bringing forth evidence demonstrating "that he is presently unable to comply with the court's order." *Elec. Workers Pension Tr. Fund*, 340 F.3d 373, 379 (6th Cir. 2003).

The civil contempt standard is generally an objective standard, and a party's subjective belief that he was complying with an order will not insulate him from civil contempt if that belief was objectively unreasonable. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019). Subjective intent may be relevant, however, and a party's "record of continuing and persistent violations" and "persistent contumacy" justifies placing the burden of any uncertainty in the decree on the shoulders of the party who violated the court order. *Id.* (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192-93 (1949)).

Defendant does not appear to contest Judge Wyrick's conclusion that the order was specific and definite, or even that he violated the injunction order. Instead, Defendant's argument centers on whether he had knowledge of the injunction order. The Court agrees

12

Case 2:16-cv-00035-RLJ-CRW   Document 44   Filed 07/02/20   Page 12 of 16   PageID #: 549

with Judge Wyrick's conclusion that the United States has presented clear and convincing evidence that Defendant had knowledge of the injunction order.

First, the docket in this case makes clear that copies of Judge Corker's R&R relating to the injunction, and this Court's order adopting this R&R were sent to Defendant by certified mail. Although those docket entries do not directly reflect what address they were mailed to, the relevant address for Defendant on the docket has at all times been PO Box 1357, Talbott, Tennessee, the address he listed on his waiver of service of summons. [Doc. 3]. Defendant admits that he received a copy of the default judgment entered on the amount of taxes owed, in April 2017, which was also sent to him by certified mail. [Doc. 12]. Nothing on the docket between the time of that default judgment and Judge Corker's R&R indicates that Defendant's address was amended on the docket, such that any new filings would have been sent to a different address. Accordingly, the Court concludes that a copy of Judge Corker's R&R, and a copy of the Court's order adopting that R&R and issuing an injunction, were mailed to Defendant at the post office box where he regularly received mail. Although it appears that the United States sent a copy of its motion to the wrong address, the inquiry at this stage centers on whether Defendant know of the injunction order entered by the Court, not the motion for an injunction filed by the United States. Because the Court mailed the R&R and order to Defendant's correct address, Defendant clearly had knowledge of the order.

In addition to this evidence that Defendant received a copy of the injunction order from the Court, Mr. Schilling testified credibly at the show cause hearing that he left a copy of this injunction order with Defendant's secretary at his office, and later discussed the

13

injunction with Defendant, who had a copy of the injunction with him when appearing at the IRS's office. In light of this testimony, it is clear that, even if Defendant did not receive the copy of Judge Corker's R&R, and the Court's ultimate injunction order, at his post office box, he ultimately received a copy of the order from Mr. Schilling, and was aware of the order. Furthermore, Defendant's bankruptcy petition provides further proof that he was aware of the Court's injunction order, since he indicated that this matter was "concluded," on that petition. Although Defendant testified that he did not recall whether the complaint requested an injunction, and assumed that this matter was "concluded" when the default judgment for the money owed was entered, as Judge Wyrick pointed out, the United States's request for an injunction is mentioned on nearly every page of the six-page complaint. It is unfathomable that Defendant, a licensed attorney who practices before this very Court, was so ill-versed in the law that he could not comprehend the relief sought by the complaint. Accordingly, the Court finds that Defendant's representations on his bankruptcy petition, made under penalty of perjury, further support the conclusion that Defendant had actual knowledge of the Court's injunction order.

As Judge Wyrick pointed out, whether Defendant was properly served with the motion for default judgment on the matter of the injunction is irrelevant at this stage. The United States need only show, by clear and convincing evidence, that Defendant had actual knowledge of the order. The United States has met this burden.

The Court pauses here to note that Defendant also complained at the show cause hearing that he did not receive any electronic notices of filings in this matter. The reason Defendant did not receive such notices is because he never bothered to make an appearance

in this matter, and instead, allowed a default judgment to be entered against him. Defendant is a registered ECF user, and is sufficiently familiar with the Court's ECF system to know how to enter an appearance and ensure that electronic notices are received. The Court is particularly perturbed by Defendant's attempts to claim that he had no knowledge of orders filed on the docket, given that Defendant intentionally elected not to enter an appearance, and had full ability to check the ECF docket at his convenience. Regardless, for the reasons stated above, the Court is in complete agreement with Judge Wyrick's conclusion that Defendant had actual knowledge of the Court's injunction order, and Defendant's objection on this ground is **OVERRULED**.

Defendant's only other argument in objection to being found in civil contempt is that, if held in contempt, he may be subject to professional discipline by the Tennessee Board of Professional Responsibility, which may then impair his ability to repay the taxes owed. But, as the United States correctly points out, this argument does not relate to any of the elements of civil contempt, and therefore, does not have any bearing on the Court's analysis. Additionally, given that Defendant has spent years avoiding paying his tax liability to the IRS, the Court is particularly disinclined to accept an argument based on the pragmatic concern of Defendant's ability to pay. For the same reason, to the extent that Defendant objects to Judge Wyrick's recommendation that he be referred to the Chief District Judge pursuant to Local Rule 83.7, Defendant's objections are **OVERRULED**.

### III. Conclusion

After a *de novo* review, the Court is in complete agreement with Judge Wyrick. For the reasons stated above, Defendant's objections [doc. 42] to the April R&R [doc. 41] are

15

**OVERRULED**. The Court **ACCEPTS** and **ADOPTS IN WHOLE** Judge Wyrick's April R&R [doc. 41].

Accordingly, the Court finds Defendant to be in civil contempt of court. As a result, the United States's request to modify the injunction [doc. 23] is **GRANTED**. The requirements in the Court's injunction that Defendant (a) file quarterly taxes so long as he is self-employed; (b) file all federal income tax returns when due; and (c) timely pay any tax owing is hereby **EXTENDED** for **FIVE (5) YEARS** from the date of this order. Additionally, the Court's injunction is hereby **AMENDED** to require Defendant, for a period of **FIVE (5) YEARS** from the date of this order, to file into the record of this Court quarterly declarations under penalty of perjury, <u>with supporting documentation</u>, providing assurances that he has fully complied with his obligations under the Court's orders. This order merely extends and adds to the requirements of the initial injunction order [docs. 19, 20], and *<u>nothing in this order shall be construed as excusing Defendant from any of the requirements in the initial injunction order</u>*. The Court **ADMONISHES** Defendant that failure to comply with the Court's orders may result in additional sanctions, including, but not limited to, loss of the right to practice law. Finally, the Court hereby **REFERS** Defendant to the Chief District Judge for any disciplinary action she deems appropriate, pursuant to Local Rule 83.7.

**IT IS SO ORDERED**.

s/ Leon Jordan  
United States District Judge

16