UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-CV-035 |
| ) | |
| ALAN C. LEE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on (1) Defendant's motion to alter or amend [Doc. 30] this Court's order adopting Magistrate Judge Cynthia R. Wyrick's December Report and Recommendation ("R&R") and entering an installment payment order [Doc. 29]. This matter has been fully briefed [Docs. 30, 36, 39] and is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons stated below, Defendant's motion to alter or amend [Doc. 30] will be **DENIED**.

### I. Background

On February 23, 2016, the United States filed the instant action against Alan C. Lee, a self-employed attorney in Tennessee, seeking unpaid federal income taxes, as well as injunctive relief. [Doc. 1]. Service was issued to Defendant, and Defendant executed a waiver of service on April 12, 2016. [Doc. 3]. Defendant thus had until May 31, 2016 to file a response to the complaint. However, Defendant did not file a response.

On June 15, 2016, the United States filed an application for default, pursuant to Federal Rule of Civil Procedure 55(a), and provided a copy of the application to Defendant

via electronic mail. [Doc. 4]. On July 11, 2016, the United States filed an affidavit supporting the application. [Doc. 6]. On July 12, 2016, the Clerk of Court entered a default under Rule 55(a) against Defendant for his failure to plead or otherwise defend in this action. [Doc. 7].

Thereafter, on February 27, 2017, the United States filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b), seeking entry of a monetary judgment against Defendant for federal income taxes, interest and penalties in the amount of $458,087.25 as of March 13, 2017, plus interest pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2). [Doc. 9]. The United States further moved for a default judgment on the claim for injunctive relief. [Docs. 9, 11]. On April 4, 2017, the Clerk entered a default judgment against Defendant in the amount of $458,087.25 with interest. [Doc. 12].

Thereafter, on May 3, 2017, then-Magistrate Judge Clifton L. Corker entered an order noting that Plaintiff's motion for default judgment did not certify that the United States had sent a copy of the motion to Defendant. [Doc. 14]. Accordingly, Judge Corker ordered Plaintiff to certify that it had sent the motion for default judgment to Defendant and amend the filing to reflect this fact. [*Id.*]. On May 4, 2017, Plaintiff filed an amended motion for default judgment with a certification that it had mailed a copy of the motion to Defendant at 481 N. Susong Street, Newport, Tennessee. [Doc. 15].

On June 5, 2017, Judge Corker entered an R&R, concluding that, in light of the default judgment entered for a sum certain, the only remaining issue was Plaintiff's request for an injunction. [Doc. 19]. Judge Corker concluded that, in light of Defendant's history of noncompliance, and the Internal Revenue Service's ("IRS") efforts at collection, an

2

injunction was warranted. Thus, Judge Corker recommended that the Court grant a permanent injunction and order Defendant, for a period of five years: (1) timely make all estimated tax payments; (2) timely file yearly tax returns and pay all balances due within the scheduled prescribed by the IRS; (3) submit written documentation to the IRS demonstrating that he has made timely estimated income tax payments within 30 days from the date that such payments were due; and (4) submit an annual certification with supporting documentation to the IRS showing that Defendant had timely filed his yearly federal tax return and paid all amounts due. [*Id.*]. Defendant did not file any objections to the R&R, and, on June 22, 2017, this Court adopted the R&R in whole. [Doc. 20].

On August 21, 2019, the United States filed a motion for an installment payment order requiring Defendant to pay $2,000 per month, in addition to a 10% surcharge. [Doc. 22]. In a footnote, the United States stated that Defendant's tax debt had been reduced in part through the "possible discharge of a portion of these debts through a Chapter 7 bankruptcy proceeding." [*Id.*]. In its memorandum in support of this motion, Plaintiff clarified that Defendant "arguably" received a discharge under 11 U.S.C. § 727, but the discharge did not apply to the 2009 and 2010 tax years because Defendant did not file a tax return for those years. [Doc. 22-1]. Nevertheless, Plaintiff stated that it calculated a balance, from the tax years not discharged, of $79,052.25 as of August 13, 2019, before the 10% surcharge. [*Id.*]. The United States noted that Defendant had made no payments on his tax liability since the judgment was entered. [*Id.*]. The United States certified that a copy of this motion was mailed to Defendant at 481 N. Susong Street, Newport, Tennessee. [Doc. 22].

3

On the same day, the United States filed a motion to show cause and modify the injunction. [Doc. 23]. The United States asserted that Defendant had failed to comply with any of the obligations in the court's injunction order. The United States therefore asked the Court to hold Defendant in contempt, command him to comply with the injunction, and amend the injunction to: (1) require Defendant to make quarterly written confirmations with the Court that he is complying with the injunction; and (2) extend the injunction five years from the date that the Court ruled on the motion. The United States further asked the Court to warn Defendant that his failure to comply with the injunction would result in harsher sanctions including a potential bar from operating a business or otherwise earning income not subject to federal tax withholding. The United States certified that a copy of this motion was mailed to Defendant at 481 N. Susong Street, Newport, Tennessee. [*Id*.].

Defendant did not respond to either of the United States' August 2019 motions. In December, this matter was reassigned to United States Magistrate Judge Cynthia R. Wyrick. [Doc. 26]. On December 20, 2019, Judge Wyrick issued an R&R, recommending that the Court grant Plaintiff's motion for an installment order. [Doc. 27]. Judge Wyrick noted that Defendant admitted, in a 2018 bankruptcy petition, that he could afford monthly payments of $3,250 per month, and Judge Wyrick concluded that the requested $2,000 per month would not place an undue burden on Defendant. In light of Defendant's unwillingness to make voluntary payments and the fact that his income was mostly derived from self-employment and not readily subject to garnishment, Judge Wyrick recommended that the Court enter an installment plan requiring Defendant to pay $2,000 per month. [*Id*.].

4

The docket entry for this order indicates that a copy of this order was mailed to Defendant on December 20, 2019 but does not indicate to what address it was mailed.

Thereafter, on December 23, 2019, Judge Wyrick entered an order setting a hearing on the United States' show cause motion for January 29, 2020. [Doc. 28]. The docket reflects that this was mailed to Defendant on December 23, 2019, at P.O. Box 1357, Talbott, Tennessee.

On January 7, 2020, this Court adopted Judge Wyrick's December R&R, and granted Plaintiff's motion for an installment order. [Doc. 29]. The Court noted that Defendant had not filed any objections to the R&R. The Court thus ordered Defendant to make payments of $2,000 per month to the Department of Justice ("DOJ") in payment towards the judgment in this matter. [*Id.*]. The docket reflects that this order was mailed to Defendant on January 7, 2020, at P.O. Box 1357, Talbott, Tennessee.

On January 28, 2020, the day before Judge Wyrick's scheduled show cause hearing, Defendant made his first appearance in this matter by filing the instant motion to amend the Court's January 7, 2020, installment payment order, pursuant to Federal Rule of Civil Procedure 59(e). [Doc. 30]. In his Rule 59(e) motion, Defendant asserts that the United States' motions for an installment order [Doc. 22] and to show cause [Doc. 23] were sent to the wrong address, and a copy of the Court's order entering the injunction in October 2017 was likewise sent to the wrong address. [*Id.* at 1]. Furthermore, Defendant contends that he did not check his mail between December 24, 2019, and January 3, 2020, and thus, was not aware of these motions until he received a copy of Judge Wyrick's R&R in January 2020. [*Id.* at 2]. When he received a copy of that R&R, he went online to view the motions,

5

and realized that they were based on the argument that he did not file his 2009 or 2010 tax returns. [*Id*.]. However, because his computer crashed in December 2019, he was unable to locate a copy of his 2009 and 2010 tax returns until January 27, 2020, when he found copies in a storage unit. [*Id*. at 2-3]. Defendant contends that he did file his 2009 and 2010 tax returns on March 21, 2012, and thus, the debt related to the judgment entered by this Court has been discharged by the bankruptcy court. [*Id*. at 3].

After the show cause hearing, the United States responded to Defendant's Rule 59(e) motion, contending that lack of service is not a defense to Defendant's failure to comply with the Court's injunction order or to timely file objections to that order. [Doc. 36, p. 1]. The United States argues that Defendant's argument regarding service simply does not fit within any of the four provisions of Rule 59(e) and ignores that he forewent his ability to challenge the R&R through the normal means of filing a timely objection. [*Id*. at 3]. The United States notes that Defendant admits that he was properly served with the R&R, and therefore, he had a full and fair opportunity to object to the recommendation. [*Id*. at 5]. The United States also contends that Defendant's attempt to contest the dischargeability of his 2009 and 2010 federal tax liability should be ignored because the evidence presented is not "newly discovered" and it is not a "manifest injustice" to require Defendant to begin paying his federal taxes. [*Id*. at 4, 6]. The United States further argues that the Court could conclude, based on the record before it, that Defendant's discharge did not apply to the federal tax liabilities associated with this judgment, because Defendant willfully attempted to evade or defeat taxes, under 11 U.S.C. § 523(a)(1)(C). [*Id*. at 7].

6

Defendant replies, regarding his Rule 59(e) motion, that his not being served with all the United States' motions is clearly "newly discovered evidence" that the Court should consider. [Doc. 39, p. 1]. Defendant reiterates that he did not receive a copy of Judge Wyrick's December R&R until January 3, 2020, because he failed to check his mail from December 24, 2019, until January 3, 2020. [*Id*. at 3-4]. Defendant also argues that, on March 6, 2019, the IRS filed a proof of claim with the bankruptcy court which listed the income taxes owed for years 2005-2010 as unsecured general claims, and the IRS filed no objections to discharge of these general claims, or for tax years 2011, 2012, or 2013. [*Id*. at 4]. Defendant attached documents relating to his bankruptcy petition to his reply. Of relevance, Defendant attached an "Official Form 309A," which provided information about Defendant's petition and, in relevant part, stated that creditors must file a complaint no later than July 23, 2018, if they wished "to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." [Doc. 39-2]. Defendant also submitted a proof of claim form that was sent to the IRS. [Doc. 39-3].

On July 2, 2020, this Court issued a Memorandum and Order [Doc. 44] overruling Defendant's objections and accepting and adopting in whole Magistrate Judge Wyrick's R&R [Doc. 42]. On July 15, 2020, Defendant filed a Quarterly Declaration [Doc. 45] wherein he shows that he has filed all of his tax returns, including ones for 2017-2019; that he has paid all of his taxes due for the years 2018 and 2019; that he has paid his estimated first and second quarter taxes for 2020; and that he has begun making payments toward his debt owed for 2014-2017.

7

Case 2:16-cv-00035-RLJ-CRW   Document 46   Filed 08/31/20   Page 7 of 10   PageID #: 570

### I. Analysis

Federal Rule of Civil Procedure 59(e) states that a party may file a motion to alter or amend the judgment within 28 days from an entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted). A party should state with clarity the basis for its motion, but where the facts and law are clear, the court will apply the appropriate ground. *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005). A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Leisure Caviar, LLC*, 616 F.3d at 615. However, a Rule 59(e) motion "run[s] contrary to notions of finality and repose, and therefore, is generally discouraged and afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007) (internal quotations omitted).

In his reply brief, Defendant states with clarity that the basis for his motion is newly discovered evidence, specifically that he was not properly served by Plaintiff and that he has no liability for the 2009 and 2010 tax returns. [Doc. 39]. "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992) (internal citations and quotation marks omitted) (emphasis in original). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th

8

Cir. 1998); *See also Shah v. NXP Semiconductors USA, Inc.,* 507 F. App'x 483, 495 (6th Cir.2012). To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See Javetz v. Board of Control, Grand Valley State Univ.* 903 F.Supp. 1181, 1191 (W.D.Mich.1995) (and cases cited therein).

Here, Defendant acknowledges that he was properly served Judge Wyrick's R&R, but did not receive it until January 3, 2020, the last day to file any objections. [Doc. 30-1]. Defendant also admits that the reason he did not receive the R&R earlier was due to his failure to check his mail from December 24, 2019 until January 3, 2020. [*Id.* at 2]. The Order Adopting the R&R [Doc. 29] was not entered until January 7, 2020, giving Defendant an additional four (4) days beyond the response deadline to notify the Court of his intent to file objections, request additional time to file, or otherwise notify the Court of his late receipt of the R&R. Defendant could have also argued improper service in his objection to the R&R, had he filed one. Not being properly served is not "newly discovered evidence" as Defendant knew of this deficiency prior to the judgment being entered and chose not to timely argue this issue. As Defendant "may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier," this argument fails. *Sun Life Assur. Co. of Canada (U.S.) v. Nichols*, No. 3:12-CV-27, 2014 WL 129822, at *2 (E.D. Tenn. Jan. 13, 2014).

Defendant also argues that the Court's order should be amended since he has no further liability for the judgment entered against him for his 2009 and 2010 tax years. [Doc. 30, p. 3]. However, as Plaintiff correctly points out, this is not "newly discovered evidence" meriting reconsideration of the Court's order. Defendant acknowledges that he had access

9

to the storage unit where copies of his filed 2009 and 2010 tax returns were kept for over a year. [Doc. 34, p. 44]. As Defendant had access to the tax returns, they were not previously unavailable to him. Thus, this argument also fails.

## II. Conclusion

Accordingly, for the forgoing reasons, Defendant's motion to alter or amend [Doc. 30] is **DENIED**. An order consistent with this opinion will be entered.

s/ Leon Jordan  
United States District Judge