IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cv-35 |
| ALAN C. LEE, | ) |
| Defendant. | ) |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO SHOW CAUSE FOR FAILURE TO COMPLY WITH INSTALLMENT PAYMENT ORDER**

The United States of America respectfully submits this Reply in Support of its Motion to Show Cause for Failure to Comply with Installment Payment Order.

## ARGUMENT

**I.  A full and complete financial accounting is still appropriate to determine an appropriate modified monthly payment if the Court decides to amend the installment payment order.**

A full and complete financial accounting is still necessary for at least two reasons. First, the United States and the Court should be able to examine Lee's past expenditures to see if Lee's claimed expenses and current income are in fact true and appropriate to conclude whether Lee is unable to comply with the current installment payment order. For instance, Lee references a $400 monthly payment to pay off a personal loan. (Dkt. 60). The United States is entitled to know the nature and terms of that loan. This accounting will also allow the United States to see if Lee has any undisclosed assets that could be sold.

Further, if the Court amends the installment payment order, the amended monthly payments would be premised on Lee's past financial expenditures and Lee's assertions. To determine an appropriate modified monthly payment, the United States and the Court should be

1

able to examine Lee's past expenditures and complete financial situation. If Lee has made any unnecessary, lavish expenditures, Lee should not be allowed to continue to do so at the expense of the United States.

**II.      In the alternative, the Court should amend the installment payment order in accordance with the IRS Collection Financial Standards to determine a monthly amount that Lee is able to pay.**

If the Court amends the installment payment order without requiring Lee to produce a full financial accounting, the Court should amend the installment payment order to a monthly amount that Lee can pay based on the IRS Collection Financial Standards. The IRS Collection Financial Standards are used for calculating repayment of delinquent taxes. Collection Financial Standards, IRS (Apr. 209, 2021), https://www.irs.gov/businesses/small-businesses-self-employed/collection-financial-standards. Taxpayers are allowed to spend a certain amount of money for certain categories of expenses. If the taxpayer spends less than the allowed amount, the taxpayer may keep the excess. If the taxpayer exceeds the allowed amount, then the taxpayer must provide documentation substantiating the expense as a necessary living expense.

Lee claims that his housing and utility expenses are currently $1,501 per month, and that this expense will be reduced to $1,355 in March 2022. (Dkt. 60). The IRS Local Standards for Housing and Utilities is $1,101, as of April 26, 2021, in Hamblen County, Tennessee. Tennessee – Local Standards: Housing and Utilities, IRS (Apr. 30, 2021), https://www.irs.gov/businesses/small-businesses-self-employed/tennessee-local-standards-housing-and-utilities.

Further, Lee claims that his food, clothing, housekeeping supplies, personal care products, credit card payments, and a personal loan payment amount to $1,200 per month. (Dkt. 60). The IRS National Standard for food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous expenses is $723 per month. National Standards:

Food, Clothing and Other Items, IRS (Apr. 29, 2021), https://www.irs.gov/businesses/small-businesses-self-employed/national-standards-food-clothing-and-other-items.

Lee asserts that his total monthly income is $3,500. Substituting the local standard for the housing and utility category, and the national standard for the food, clothing, and miscellaneous expenses category, and leaving the Defendant's other claimed expenses untouched,[1] Lee's total expenses would be approximately $2,818. This would leave $682 per month that could be paid to the United States. Accordingly, if the Court finds Lee unable to comply with the current installment payment order and does not require Lee to produce a full financial accounting, the United States asks that Lee be required to pay at least $682 per month to the United States.

## CONCLUSION

For the reasons above, the United States respectfully asks the Court to require Lee to comply with the current installment payment order. If Lee is in fact unable to comply with the current installment payment order, the United States asks the Court to order Lee to produce a full financial accounting, including Lee's personal bank statements, his personal credit card statements, a listing of assets owned, his law practice's bank statements, his law practice's credit card statements, a copy of his law practice's general ledger, any other financial documents prepared by his law practice, including profit and loss statements, and a listing of every bank where Lee, or his practice, maintains an account, so that appropriate modifications to the installment payment order can be determined. In the alternative, the United States asks that the

---

[1] Lee's other claimed expenses are $494 for vehicle ownership costs, $50 for health insurance, $300 for out of pocket health care costs, and $150 for current year taxes. (Dkt. 60).

modified installment payment order be in line with the IRS Collection Financial Standards, resulting in a monthly payment of at least $682 per month to the United States.

| | |
|---|---|
| DATE: January 20, 2022 | DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>/s/ *Maria E. Ruwe*<br>MARIA E. RUWE<br>Ohio State Bar No. 101114<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227, Ben Franklin Station<br>Washington, D.C. 20044<br>202-305-4077 (o)<br>202-514-6866 (f)<br>Maria.E.Ruwe@usdoj.gov<br><br>KRISTINA M. PORTNER<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 514-0451 (o)<br>(202) 514-6866 (f)<br>Kristina.M.Portner@usdoj.gov |

# CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive such notice.

    /s/ *Maria E. Ruwe*
    MARIA E. RUWE
    Trial Attorney
    United States Department of Justice, Tax Division